IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| RANDY L. THOMAS, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 5:11-CV-715-BR | |
| ) | | |
| AIDA CORREA, ) | | |
| ) | | |
| Defendant. ) | | |

| | | |
|---|---|---|
| RANDY L. THOMAS, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 5:12-CV-16-BR | |
| ) | | |
| NORTH CAROLINA DEPT. OF ) | | |
| HEALTH AND HUMAN SERVICES, ) | | |
| DIVISION OF SOCIAL SERVICES, ) | | |
| CHILD SUPPORT ENFORCEMENT ) | | |
| SECTION, ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER and**
**MEMORANDUM AND RECOMMENDATION**

Each of these pro se cases is before the court on a motion (D.E. 1) by Randy L. Thomas ("Thomas") to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The motion and frivolity review in each case were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* 4th D.E. dated 13 Dec. 2011 in No. 5:11-CV-715-BR; D.E. dated 31 Jan. 2012 in No. 5:12-CV-16-BR).

## ORDER ON *IN FORMA PAUPERIS* MOTIONS

The court finds that Thomas has adequately demonstrated his inability to prepay the required court costs. His motions to proceed *in forma pauperis* are therefore GRANTED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.   Background**

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Irrespective of this requirement, a case that was improperly removed is subject to remand to the state court from which it came. *See* 28 U.S.C. § 1447(c). The court has the power to remand a case on its own motion when it is apparent that it was improperly removed. *See, e.g., Deluca v. Massachusetts Mut. Life Ins. Co.,* No. 105CV00632OWWDLB, 2005 WL 1562033, at *3 (E.D. Cal. 28 June 2005); *S. & H. Grossinger, Inc. v. Hotel and Restaurant Employees and Bartenders Int'l Union AFL-CIO, Local 343*, 272 F. Supp. 25, 27 (S.D.N.Y. 1967).

In each of the two actions now before the court, plaintiff seeks removal, pursuant to 28 U.S.C. § 1443 (1) and (2) ("§ 1443"), of proceedings that relate to a North Carolina child custody and support matter involving Thomas's son that apparently began in 1996.[1]  Section 1443 reads as follows:

---

[1] These cases are part of a long series of cases Thomas has filed in both this district and the Western District of North Carolina arising from his legal relationship with his son. The two additional cases in this district are: *Thomas v. Chapman, et al.*, No. 5:11-CV-694-BR, which is pending before the undersigned for a frivolity review; and *Midland Funding LLC v. Thomas*, No. 5:11-CV-292-BR, which has been remanded to Mecklenburg County District

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

**II.** *Thomas v. Aida Correa*, **No. 5:11-CV-715-BR**

In this case, Thomas seeks removal of a civil action (No. 96-CVD-3376) from the District Court of Mecklenburg County. (*See* Pet. for Removal (D.E. 1-1) 1). Mecklenburg County is not within this district, but lies, of course, in the Western District of North Carolina. *See* 28 U.S.C. § 113(c) (listing Mecklenburg County as one of the counties in the Western District). Consequently, the case could properly be removed, if at all, only to that court and not to this court, the United States District Court for the *Eastern* District of North Carolina. Thus, this case was not properly removed, and it should accordingly be remanded to Mecklenburg County District Court.

Alternatively, the court finds that § 1443 is inapplicable to this case. Section 1443 encompasses only removals based on a defendant's claim of racial inequality. *See Noel v. McCain*, 538 F.2d 633, 635 (4th Cir. 1976) (holding that to remove a case under § 1443(1), a defendant must show, among other things, "that he is being deprived of rights guaranteed by federal laws protecting against racial discrimination") (citing *Greenwood v. Peacock*, 384 U.S.

---

Court (*see id.*, D.E. 6). Thomas has brought at least five additional cases in the Western District: *Thomas v. Charlotte Mecklenberg Schools, et al.*, 3:06-CV-00238; *Thomas v. Helms Mulliss Wicker PLLC, et al.*, 3:07-CV-00052; *Thomas v. Olshausen et al.*, 3:07-CV-00130; *Thomas v. R. Harcourt Fulton, et al.*, 3:07-CV-00200-MU; and *Thomas v. Mullen*, 3:07-CV-00231. Plaintiff is now subject to a pre-filing injunction in that district. *See* 13 Feb. 2008 Order (D.E. 43), *Thomas v. R. Harcourt Fulton, et al.*

808, 828 (1966)); *see also Landry v. North Carolina*, No. 3:11-cv-11-RJC-DCK, 2011 WL 6032704, at * 1 (W.D.N.C. 5 Dec. 2011) (remanding a criminal case back to state court where defendant attempted removal pursuant to § 1443(1) because defendant did "not claim that she has been deprived of rights guaranteed by federal laws protecting against racial discrimination" (internal quotations omitted)); *Folts v. City of Richmond*, 480 F. Supp. 621, 626 (E.D. Va. 1979) (noting that § 1443(2) "has been narrowly construed to mean laws that establish specific civil rights stated in terms of racial equality" (internal quotations omitted)). Though Thomas alleges in the notice of removal and attached documents a seemingly endless multitude of transgressions against his constitutional rights relating to his parental rights, none appears to be related to racial inequality. *Colorado v. Jackson*, 271 Fed. Appx. 811, 812 (10th Cir. 2008) (dismissing defendant's appeal of district court's remand on the grounds that while defendant had alleged that "state authorities had violated a number of his civil rights, including his right to due process, equal protection, and a speedy trial, none of his claims [arose] under a federal law providing for specific civil rights stated in terms of racial equality" (internal quotations omitted)).

Section 1443(2) is inapplicable for the additional reason that it applies only where the removing defendant is a federal officer or a "'person[] assisting such officer[] in the performance of their official duties.'" *Folts*, 480 F. Supp. at 626 (quoting *Greenwood v. Peacock*, 384 U.S. at 815). Thomas does not allege that he is such an officer or person and the court accordingly finds that he is not.

Thus, Thomas's attempted removal of the instant case was improper because geographically this is not the court to which it can be removed, and § 1443, the removal statute

4

Thomas invoked, is inapplicable to this case. This case should accordingly be remanded to the court, Mecklenburg County District Court, from which it originated.[2]

**III.** *Thomas v. North Carolina Dept. of Health and Human Services, Division of Social Services, Child Support Enforcement Section*, **No. 5:12-CV-16-BR**

In this case, Thomas appears to be attempting to remove an administrative proceeding (No. 11-CSE-13037) he brought in the North Carolina Office of Administrative Hearings ("OAH") challenging a child support decision of the Child Support Enforcement Section within the North Carolina Department of Health and Human Services. (*See*, *e.g.*, Petition for Dismissal and/or Removal to U.S. District Court (D.E. 1-1)).[3] As discussed above, removal pursuant to § 1443 is limited to removals on the basis of a defendant's claim of racial inequality. As in the foregoing case, there is no indication that racial discrimination is the basis of defendant's removal of the instant proceeding. *See Noel*, 538 F.2d at 635.

The court concludes that Thomas's attempted removal of the instant case is improper.[4] It should accordingly be remanded to the North Carolina Office of Administrative Hearings.

---

[2] It is questionable whether removal of this case and the other case subject to this Memorandum and Recommendation would be proper under the other statutory provisions for removal, even if Thomas had invoked them, because of, for example, the apparent absence of any claims that arise under federal law as required for removal under 28 U.S.C. § 1441(a) and the lack of diversity of citizenship required under 28 U.S.C. § 1441(b). The court need not resolve such issues, however, in light of the recommended disposition provided for herein.

[3] The court recognizes that § 1443 expressly permits only defendants to remove an action to federal court. 28 U.S.C. § 1443 ("Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed *by the defendant* . . . ." (emphasis added)). However, when necessary, courts will realign parties to determine which ones are the defendants for the purposes of removal. *See, e.g., Allstate Indem. Co. v. Rodriguez*, 2012 WL 4052541, at * 1 (N.D. Okla. 13 Sept. 2012) ("[I]it is a court's job to realign the parties consistent with their 'actual interests,' if necessary, prior to making a decision on the motion to remand." (quoting *Symes v. Harris*, 472 F.3d 754, 761 (10th Cir. 2006)). Given that Thomas appears to be challenging an agency action against him to enforce his child support obligations, he could arguably be viewed as the defendant for purposes of removal despite being denominated as the "petitioner" in seeking a contested hearing with the OAH. *See Yankton Area Adjustment Training Ctr., Inc. v. Oleson*, 897 F. Supp. 431, 432 (D.S.D. 1995) (holding that parents seeking an administrative hearing following an adverse agency decision against them in a case under the Individuals with Disabilities Education Act ("IDEA") did not, thereby, become plaintiffs for the purposes of removal).

[4] The court recognizes that there may be other grounds for concluding that removal of an administrative proceeding is not proper. For example, some courts have held that administrative proceedings are not removable under §§ 1441 and 1443 given that they expressly apply to actions brought "in State court." *See, e.g., Oregon Bureau of Labor &*

## IV. Conclusion

For the foregoing reasons, it is RECOMMENDED as follows:

1. The case of *Thomas v. Aida Correa*, No. 5:11-CV-715-BR, be REMANDED to Mecklenburg County District Court; and

2. The case of *Thomas v. North Carolina Dept. of Health and Human Services, Division of Social Services, Child Support Enforcement Section*, No. 5:12-CV-16-BR, be REMANDED to the North Carolina Office of Administrative Hearings.

The Clerk shall send copies of this Memorandum and Recommendation to Thomas, who shall have until 23 January 2013, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 9th day of January 2013.

James E. Gates
United States Magistrate Judge

---

*Indus. ex rel. Richardson v. U.S. West Commc'ns, Inc.*, 288 F.3d 414, 419 (9th Cir. 2002) (holding that § 1441 "does not authorize removal of proceedings from an administrative agency, regardless of how court-like the proceedings may be. The statute authorizes removal only if the action is pending in a state *court*"); *but see Floeter v. C.W. Transport, Inc.*, 597 F.2d 1100, 1102 (7th Cir. 1979) (applying a "functional test" to determine whether removal from a state tribunal was proper and holding that the Wisconsin Employment Relations Commission was a "state court" for purposes of removal). Although it appears that this issue has not been addressed to date by the Fourth Circuit, a functional test has been applied in the District of Maryland. *See Maryland Comm'r of Financial Regulation v. Western Sky*, No. WDQ-11-0735, 2011 WL 4894075, at *3 (D. Md. 12 Oct. 2011) (applying a functional test to determine whether the Maryland Commissioner of Financial Regulation was a "state court" from which an action could be removed under § 1441). Further, to the extent that Thomas was intending to seek judicial review of a final decision of a North Carolina agency, N.C. Gen. Stat. § 150B-45 expressly provides, in relevant part, that the appeal of final decisions of an agency "*must* be filed in the Superior Court of Wake County or in the superior court of the county where the person resides." N.C. Gen. Stat. § 150B-45(a)(2) (emphasis added).